UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>STEVE C. ABRAHAMSON,<br><br>                    Defendant. | NO. CR-06-0089-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE  MOTION FOR A NEW TRIAL** |

**BEFORE THE COURT** is Defendant's Motion for ACQUITTAL (**Ct. Rec. 138**), filed July 10, 2007. Defendant asked for and received an extension of time to file memoranda in support of the motion (Ct. Rec. 142). Defendant filed his memoranda in support of the motion on August 22, 2007. (Ct. Rec. 157). The government filed its response to the motion on August 31, 2007 (Ct. Rec. 159). Defendant filed his reply in support of the motion on September 10, 2007 (Ct. Rec. 159). The motion was also noted to be heard without oral argument on September 10, 2007. As such, Defendant's motion is now ripe for review.

///

ORDER -1

## I. BACKGROUND

The jury returned a verdict of guilty against Mr. Abrahamson for violation of 18 U.S.C. §113(a)(7) and 1153 on June 28, 2007. Defendant filed his motion within seven days of the jury's verdict as required by Fed. R. 29c.

## II. LEGAL STANDARD

The standard for evaluating a Rule 29 motion is the same as the standard used in evaluating whether the evidence is sufficient to sustain the verdict: whether viewing all the evidence in the light most favorable to the government, any rational jury could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *See United States v. Christian*, 942 F.2d 363, 366 (9th Cir. 1991). On appeal, the court will uphold a conviction if the evidence, including evidence that was erroneously admitted, was sufficient to sustain the verdict. *Lockhardt v. Nelson*, 488 U.S. 33, 40-42 (1988).

## III. DISCUSSION

In his motion, the Defendant argues that "viewing all the evidence in the light most favorable to the government, any rational jury could only find that Mr. Abrahamson was guilty beyond a reasonable doubt of striking, beating or wounding his child; the lesser included offense and not the greater offense of assault resulting in substantial bodily injury to his child who had not yet attained the age of sixteen." Ct. Rec. 157 at 2. In essence,

ORDER -2

Defendant is arguing that the jury should have found him guilty of causing bodily injury but not substantial bodily injury.  *See* Defendant's Reply (Ct. Rec. 159 at 2).

In support of this assertion, Defendant states that the only relevant evidence presented to the jury that related to whether the child sustained bodily injury came by way of medical testimony through three doctors:  Dr. Katherine Whipple for the government, and Doctors James Brinkman and Geoffrey Julian for the Defendant.  Defendant believes that because the Defendant's experts found that the minor child in question was not substantially injured, the jury should have also found that the child was not substantially injured. As noted by Defendant, Dr. Catherine Whipple testified that in her opinion "I think there was significant and substantial injury caused - -." *See* Transcript of Jury Trial Proceedings at 173 and 226.  It is undisputed that the injury to the child was not permanent.  On redirect examination, Dr. Whipple testified that there was "significant" swelling and bruising to the external part of the internal auditory canal such to the extent she could not visualize the tympanic membrane.  Transcript at 217.  Defendant criticizes the doctor for not testing the child's hearing when the ear canal could not be visualized, and characterizes the doctor's conclusions as "mere conjecture."  Ct. Rec. 157 at 4.  Defendant also argues that his experts were more qualified.  *Id* at 5.  For these reasons, the Defendant argues that the weight of the evidence produced through

ORDER -3

expert testimony proves that the child's injuries were not substantial but only superficial." *Id* at 6.

Moreover, Defendant argues that statutory language defining substantial bodily injury is unconstitutionally vague as applied in this case arguing that confusion abounded as to what the term meant. *Id* at 7-8.

A statute is vague as applied if it either fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly or fails to provide explicit standards for those who apply them." *United States v. Sandsness*, 988 F.2d 970, 972 (9th Cir. 1993). However, the Court agrees with the government that the Ninth Circuit case law is well settled that in a prosecution for assault under 18 U.S.C. § 113, the question of whether the assault resulted in serious bodily injury, is a question for the jury to decide. *U.S. v. Fitzgerald*, 882 F.2d 397, 399 n. 2 (9th Cir. 1989) ("existence and definition of serious bodily injury is primarily a jury question dependent upon an evaluation of all the circumstances of all the injuries.") While the Ninth Circuit has addressed this issue most often in terms of serious bodily injury instead of substantial bodily injury, the analysis would be the same in either case.

There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

ORDER -4

crime beyond a reasonable doubt." *U.S. v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999). The Ninth Circuit has directed that the jury should use its common sense in determining whether injuries sustained meet the statutorily required level." *U.S. v. Johnson*, 637 F.3d 1224, 1246 (9th Cir. 1980). *See also U.S. v. Bernard*, 795 F.2d 749, 755 n.10 (9th Cir. 1986). In the case at bar, the record is clear that the child was struck multiple times, that the child suffered deep bruising to his face and cheek as well as behind the ear, and swelling of the ear canal to the point that it was swollen shut causing temporary hearing loss. The jury heard all of the evidence and the evidence supports the finding of guilt that the jury returned. For this reason, the Court will not substitute its judgment for that of the jury, which is charged with the duty of deciding whether the facts of this case taken together demonstrate that the minor child suffered a substantial injury.

For the foregoing reasons, Defendant's Motion for acquittal or in the Alternative for a New Trial (**Ct. Rec. 138**) is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this 12th day of October, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER -5